# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GONZALO SUAREZ-GONZALEZ,

    Petitioner,

v.

SAM OLSON, DALE J. SCHMIDT,
SCOTT SMITH, MARKWAYNE
MULLIN, U.S. DEPARTMENT OF
HOMELAND SECURITY, and TODD
BLANCHE,

    Respondents.

Case No. 26-CV-590-JPS

**ORDER**

## 1.  INTRODUCTION

Petitioner Gonzalo Suarez-Gonzalez ("Petitioner") is in the legal custody of Immigration and Customs Enforcement ("ICE") and is incarcerated at Dodge Detention Facility in Wisconsin, where Respondent Dale Schmidt[1] is his physical custodian. ECF No. 3 at 2, 6. He argues that

---

[1]Sheriff Dale Schmidt oversees the Dodge County Jail and Detention Facility. ECF No. 3 at 6. Respondent Sam Olson is the Director of the Chicago Field Office of ICE's Enforcement and Removal Operations division. *Id.* at 5. Respondent Markwayne Mullin is the Secretary of the Department of Homeland Security. *Id.* at 5. Respondent Todd Blanche is the Acting Attorney General of the United States who is responsible for the Department of Justice, including the component agency the Executive Office for Immigration Review. *Id.* at 5–6. Respondent Scott Smith is the Jail Administrator of Dodge County Jail, where Petitioner is detained. *Id.* at 6.

The docket in this case appears to be missing named Respondent United States Department of Homeland Security ("DHS"). *See* ECF No. 3 at 1 (naming DHS as a separate Respondent in the case caption). The Court will accordingly direct the Clerk of Court to add the United States Department of Homeland Security as a Respondent on the docket. In the same vein, while Petitioner's amended petition appears to convey that the Executive Office for Immigration Review is a Respondent, it fails to list that agency in the caption—*see* ECF No. 3 at

his continued detention is unlawful and petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Id.* at 3, 19. Petitioner seeks an order "that [he] not be transferred outside the Eastern District of Wisconsin while this habeas petition is pending," an order for Respondents to "show cause why [his] Petition should not be granted within three days," a "writ of habeas corpus requiring that Respondents release Petitioner within seven days," a declaration that Petitioner's detention is unlawful, and an "[a]ward of attorney's fees and costs." *Id.* at 19–20. This Order screens the amended petition.

## 2. SCREENING STANDARD

The Rules Governing Section 2254 Cases apply to Petitioner. *See* Rule 1(b), Rules Governing Section 2254 Proceedings ("The district court may apply any or all of these rules to a habeas corpus petition" brought under § 2241); CIV. L.R. 9(a)(2). Rule 4 of the Rules Governing Section 2254 Cases requires the Court to conduct a screening or "preliminary review" of the amended habeas petition. At the screening stage, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Rule

---

1—so the Court will not direct the Clerk of Court to add that agency as a Respondent at this time.

At this stage, the Court is merely assuring that the docket matches Petitioner's amended petition insofar as the Respondents it lists, but the Court is skeptical that any of these Respondents—apart from Dale J. Schmidt—are properly sued in this case. *See* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."); *Kholyavskiy v. Achim*, 443 F.3d 946, 949–53 (discussing the proper Respondent to name in the context of immigration-related habeas petitions). To the extent Respondents believe that any Respondent is improperly named, or wish to challenge the Court's preliminary findings herein, they should address these issues in their response to the amended petition.

4, Rules Governing Section 2254 Proceedings. The Court accepts as true the petitioner's well-pleaded factual allegations, *Gibson v. Puckett*, 82 F. Supp. 2d 992, 993 (E.D. Wis. 2000) (citing *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976)), but not his legal conclusions.

Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with any applicable statute of limitations, exhausted available administrative remedies and avoided procedural default if applicable, and set forth non-frivolous claims that are cognizable in a habeas petition. If those issues do not preclude a merits review of the claims, the Court directs the respondent—the individual in charge of the institution where the petitioner is currently held, *see* Rule 2(a), Rules Governing Section 2254 Proceedings—to respond to the petition. If any of those issues do preclude a merits review, however, the Court will dismiss the petition.

3.    **FACTS**

The following relevant facts are drawn from amended petition, ECF No. 3, and accepted as true for the purposes of screening; pinpoint citations to the amended petition are omitted except where material is quoted directly.

Petitioner is a native and citizen of Cuba. In 2021, Petitioner participated in a protest against the Cuban government in Cuba and was physically attacked by, inter alia, a uniformed police officer. He believed that his life was at risk after this attack and thereafter chose to flee Cuba. Petitioner has resided in Appleton, Wisconsin since 2022.

In August 2025 Petitioner took part in a bar fight where he was identified as a victim. He was arrested on August 21, 2025 in Outagamie County and was thereafter transferred to ICE custody. Sometime after that

(the amended petition does not provide an exact timeframe), the U.S. Department of Homeland Security ("DHS") placed Petitioner in removal proceedings pursuant to 8 U.S.C. § 1229a. ICE charged Petitioner with entering the United States without inspection and being an immigrant who, at the time of application for admission, was not in possession of a valid immigrant visa, in violation of 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). DHS issued a decision to keep Petitioner in custody without providing Petitioner with an opportunity to post bond or be released on other conditions. On October 28, 2025, Petitioner filed an application for asylum, withholding of removal under the Convention Against Torture, withholding of removal under INA § 241(b)(3), and for adjustment of immigration status under the Cuban Adjustment Act.

As for the state criminal charges for which Petitioner was originally arrested, Petitioner pled no contest to one count of battery, a class A misdemeanor, under Wisconsin Statues § 940.60(1), and one count of disorderly conduct, a class B misdemeanor, under Wisconsin Statutes § 947.01(1). On March 12, 2026, Judge Emily Lonegran sentenced Petitioner to pay costs, noting that while he could have faced the risk of being convicted of a felony had he gone to trial, he also could have potentially led a successful defense of self-defense against the charges. The next day, on March 13, 2026, Immigration Judge Samia Naseem granted Petitioner's application for adjustment under the Cuban Adjustment Act, thus giving him status as a legal permanent resident dating back to thirty months before his application—here, to April 28, 2023.

Despite Petitioner's current status as a legal permanent resident, he remains in ICE custody at Dodge Detention Center. According to Petitioner, Respondents believe that they may keep him in custody while they assess

whether to exercise their right to appeal the Immigration Judge's grant of Petitioner's adjustment of status and, potentially, during the pendency of such an appeal. Petitioner therefore "faces the prospect of weeks, months, or even years[] in immigration custody, separated from his family and community." ECF No. 3 at 18.

**4.      LAW & ANALYSIS**

Petitioner contends that "[s]ince Petitioner won relief from the Immigration Judge under the Cuban Adjustment Act, Respondents have no basis to continue detaining Petitioner" who is, as of April 28, 2023, a legal permanent resident. *Id.* at 7. The amended petition asserts that Petitioner is currently in custody due to an automatic stay of the Immigration Judge's determination that operates during the time allowed to Department of Homeland Security ("DHS") for filing an appeal. *See* 8 C.F.R. § 1003.6(a). While Petitioner acknowledges that Respondents have the right to appeal the Immigration Judge's grant of Petitioner's requested adjustment under the Cuban Adjustment Act, *see id.* (citing 8 C.F.R. §§ 1003.1(b) and 1003.6), he argues that "Respondents have no basis to keep a legal permanent resident in custody without recourse while the government appeals [the] decision to terminate removal proceedings." *Id.* at 8. Petitioner being in custody due to the automatic stay pending such an appeal "violates due process." *Id.* (citing *Demore v. Kim*, 538 U.S. 510, 523 (2003) and *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001)); *see also id.* at 12 ("Where an [I]mmigration [J]udge has granted relief, [an] autostay should not be utilized to automatically extend the detention of the person . . . for the duration of any appeal.").

An alien detainee may seek relief under 28 U.S.C. § 2241 if he believes that his custody is "in violation of the Constitution or laws . . . of

the United States." Petitioner has raised a constitutional challenge to his ICE detention. At this stage, the Court cannot say that this challenge appears frivolous or non-cognizable in habeas corpus proceedings. The Court also cannot conclude at this stage that the amended petition is untimely.

Petitioner does not state whether he has exhausted his administrative remedies as to each claim, but the Court cannot say at this stage that exhaustion is required, so will not dismiss the amended petition on this basis. *See Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (noting that exhaustion generally is not statutorily required for § 2241 petitions, but may be required at the district court's discretion, and that exhaustion may be required for certain immigration-related claims (citing *McCarthy v. Madigan*, 503 U.S. 140, 140 (1992), *superseded on other grounds by statute*).

Because Petitioner's claims survive screening, the Court will order Respondents[2] to respond to the amended petition. 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted."). Due to the large number of habeas petitions that have been filed in this District, the Court finds good cause to extend Respondents' time to respond. *See id.* (requiring response within "three days unless for good cause additional time, not exceeding twenty days, is allowed"). Respondents shall respond to the amended petition within **ten (10) days** of this Order.

Finally, the Court addresses some of Petitioner's requested relief. He requests that the Court order Respondents not to transfer him out of the Eastern District of Wisconsin, ECF No. 3 at 19, presumably aimed at

---

[2]It is unclear which Respondent(s) are appropriately sued in this case..

ensuring that the Court does not lose jurisdiction over his amended petition. *See* 28 U.S.C. § 2241(d) ("[T]he [petition] may be filed in the district court for the district wherein such person is held in custody . . . ."). Although Petitioner has failed to move for emergency relief on this basis, the Court has noted his request and will direct Respondents to confer with DHS and determine whether it will agree not to remove Petitioner from the Eastern District of Wisconsin while the amended petition remains pending. Within **five (5) days** of this Order, Respondents shall file a status report on the docket noting DHS's response to the above inquiry.

### 5. CONCLUSION

The Court will permit Petitioner to proceed on his asserted claims for relief and will order this matter to proceed as specified below.

Accordingly,

**IT IS ORDERED** that the Clerk of Court add as the U.S. Department of Homeland Security, *see* ECF No. 3 at 1, as a Respondent on the docket;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall effect service of the amended petition, ECF No. 3, and this Order upon Respondents pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

**IT IS FURTHER ORDERED** that Respondents shall confer with the Department of Homeland Security as stated herein and, within **five (5) days** of this Order, file a status report on the docket noting DHS's response; and

**IT IS FURTHER ORDERED** that the parties shall proceed in accordance with the following schedule:

1.  Within **ten (10) days** of receipt of service of the amended petition, Respondents shall file either an appropriate motion seeking dismissal of this action or answer the amended petition, complying with

Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2.     If Respondents file an answer, then the parties should abide by the following briefing schedule:

a.     Petitioner shall have thirty (30) days after the filing of Respondents' answer within which to file a brief in support of his amended petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by the respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

b.     Respondents shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within thirty (30) days of service of Petitioner's brief, or within forty-five (45) days from the date of this order if no brief is filed by Petitioner.

c.     Petitioner may then file a reply brief, if he wishes to do so, within ten (10) days after Respondents have filed a response brief.

3.     If Respondents file a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

a.     Petitioner shall have thirty (30) days following the filing of Respondents' dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

b.     Respondents shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil Local Rule 7(f), the following page limitations apply: briefs in support of or in opposition to the amended habeas petition or a dispositive motion filed by Respondents must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated at Milwaukee, Wisconsin, this 9th day of April, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge