# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GONZALO SUAREZ-GONZALEZ,

Plaintiff,

v.

DALE J. SCHMIDT, and SCOTT SMITH

Defendants.

Case No. 26-CV-590-JPS

**ORDER**

## 1. INTRODUCTION

Gonazalo Suarez-Gonzalez arrived in the United States in November 2022 and was detained by the Department of Homeland Security ("DHS") in August 2025 after his arrest in Outagamie County, Wisconsin. ECF No. 3 at 15. On March 13, 2026, an immigration judge granted Petitioner's application for adjustment and granted him status as a legal permanent resident retroactive by thirty months. *Id.* at 17. DHS appealed the immigration judge's order, automatically staying the immigration judge's relief. ECF No. 9-1 at 6–10; ECF No. 17 at 4. Petitioner requested a custody redetermination, which DHS refused. ECF No. 11-1. He then filed a habeas petition in this Court in accordance with 28 U.S.C. § 2241. ECF No. 1. This Court granted the petition and ordered that Petitioner receive a bond hearing. ECF No. 20. At the bond hearing, the immigration judge found that Petitioner was a danger to the community and a flight risk, therefore refusing to release him on bond. ECF No. 25-1 at 20–21.

Petitioner now comes before the Court on a motion to enforce the Court's previous order, arguing that his bond hearing did not comport with due process or the previous order. ECF No. 23; ECF No. 24. Because the previous hearing failed to comply with the constitutional requirements of due process and this Court's previous order, the Court will order Petitioner be released within twenty-four (24) hours of receipt of this order.

## 2. FACTS[1]

This Court assumes familiarity with the record but will provide a brief summary before setting forth the new developments. *See Suarez-Gonzalez v. Olson*, No. 26-CV-590-JPS, 2026 WL 2169410, at *2 (E.D. Wis. July 28, 2026) (describing the factual and procedural background).

Petitioner was arrested in Outagamie County after a bar fight and pleaded no contest to two misdemeanors in connection with that bar fight—his degree of legal responsibility has not been determined. ECF No. 3 at 15. DHS then transferred Petitioner to Immigrations and Customs Enforcement ("ICE") custody and refused to grant him a bond hearing. *Id.* at 15–16. Petitioner filed a petition for writ of habeas corpus, and this Court granted it. ECF Nos. 1, 20; *Suarez-Gonzalez*, 2026 WL 2169410, at *10. This Court required the government to provide Petitioner with a bond hearing within thirty days of the order and to bear the burden of proof that clear and convincing evidence justified Petitioner's continued detention. *Suarez-Gonzalez*, 2026 WL 2169410, at *10.

[1]Neither Petitioner nor Respondents supplied this Court with a recording of the hearing, leaving this Court to base its understanding of the hearing on the uncontested facts presented in Petitioner's briefing and accompanying declaration. ECF Nos. 24 and 25.

The Court previously found that Petitioner was detained under 8 U.S.C. § 1225. *Suarez-Gonzalez*, 2026 WL 2169410, at *4. Nonetheless, the Court ordered a bond hearing because the circumstances of Petitioner's case warranted a bond hearing as he was granted lawful permanent resident status and the only bar to his freedom was the government's appeal of the decision granting him such status. *Id.* at *6–9. However, the Seventh Circuit's decision on *Cirrus Rojas* now controls—and the parties agree—that Petitioner is detained under 8 U.S.C. § 1226. *Cirrus Rojas v.* Olson, 183 F.4th 909, 917 (7th Cir. 2026).

The government provided Petitioner with a hearing on August 3, 2026. ECF No. 22. At the hearing, the immigration judge issued an order denying Petitioner's bond request and found that the government had justified Petitioner's continued detention by clear and convincing evidence. Petitioner promptly appealed to the Board of Immigration Appeals ("BIA"), which remains pending. *Id.*

Petitioner additionally provided the Court with details of the hearing in his brief in support of the motion at hand. As the Respondents have not contested these facts in their opposition brief, this Court will assume them to be true.

The same day this Court's issued its habeas order, the government filed the order with the Executive Office for Immigration Review ("EOIR"). ECF No. 24 at 4. The EOIR notice indicated that the immigration judge assigned to the bond hearing was Eva Saltzman. *Id.* Two days later, Immigration Judge Saltzman was fired without cause after serving on the bench for ten years. *Id.* at 5.

Immigration Judge Saltzman was just one of the "wave" of immigration judges fired in recent months. *See* Caroline Kubzansky, *Two*

*more Chicago immigration judges fired as court becomes epicenter of removal orders Chicago Tribune*, CHI. TRIB. (July 31, 2026, at 4:44 CDT), https://www.chicagotribune.com/2026/07/31/chicago-immigration-judges-fired/ [https://perma.cc/8EFY-L5Q6]. "Jeremiah Johnson, the executive vice president of the National Association of Immigration Judges and himself a recently terminated judge, referred to . . . the firing of 'experienced immigration judges without cause [as] another example of the attack on the independence of our immigration courts.'" *Id.* The New York Times similarly reported, "[i]n interviews, more than two dozen immigration judges . . . described feeling a consistent sense of pressure to deport immigrants or risk losing their jobs." Nicholas Nehamas et al., *How Trump Purged Immigration Judges to Speed up Deportations*, N.Y. TIMES (Apr. 13, 2026), https://www.nytimes.com/2026/04/09/us/politics/trump-miller-immigration-judges-purge.html. The chief immigration judge receives daily reports about bond rulings, and her office has emailed judges asking for an explanation about their decisions to grant bond. *Id.*; *see also* ECF No. 24 at 9 (citing *id.*).

Immigration Judge Saltzman was replaced by Immigration Judge Jamie Poarch, who was appointed to EOIR in May 2026. ECF No. 24 at 5. Petitioner's case was one of the first detainee cases that Immigration Judge Poarch handled. *Id.* "Judge Poarch was appointed to EOIR after serving as legal counsel for ICE for six months, and had no prior judicial experience." *Id.* (citation omitted). At Petitioner's bond hearing, Immigration Judge Poarch stated that she had not reviewed any of the materials filed in the case or this Court's habeas order. *Id.* Immigration Judge Poarch held at the hearing that Petitioner was a flight risk due to the appeal filed by the government regarding his lawful permanent resident status and a danger

to the community based on the complaint and Wisconsin Consolidated Court Automation Programs ("CCAP") printout of Petitioner's state case. Immigration Judge Poarch noted that Petitioner was charged with "'substantial battery,'" "'a felony.'" *Id.* at 8.

## 3. ANALYSIS

Petitioner argues that the immigration judge's hearing failed to comport with due process and this Court's previous order by not applying the correct standard to her determination that Petitioner was a flight risk and a danger to the community, and that he should be immediately released as such. *See generally* ECF No. 24. Respondents argue that this Court lacks jurisdiction to review the immigration judge's decision and that the hearing complied with due process and this Court's habeas order. *See generally* ECF No. 26.

### 3.1. Jurisdiction

Petitioner argues that the Court has two routes to jurisdiction: (1) the Court retains jurisdiction over its habeas order to ensure compliance, or (2) the Court may review the constitutional adequacy of the immigration judge's bond hearing. ECF No. 24 at 10–11. Respondents argue that 8 U.S.C. §§ 1226(e) and 1252(a)(2)(B)(ii) preclude judicial review. ECF No. 26 at 3–5.

#### 3.1.1. The Court Retains Jurisdiction Over Constitutional Issues

It is well settled that an immigrant detainee may challenge the constitutionality of his detention and that the Due Process Clause applies to all persons within the United States. *Suarez-Gonzalez,* 2026 WL 2169410, at *6 (citing *Rodriguez v. Olson*, 814 F. Supp. 3d 945, 959 (N.D. Ill. 2026) and

*Zadvydas v. Davis*, 533 U.S. 678, 693 (2001)).[2] This includes when an immigrant detainee has been granted a bond hearing and then argues that the hearing did not comply with due process. *E.g.*, *Garcia Ortiz v. Henkey*, No. 1:26-CV-00043-BLW, 2026 WL 948275, at *2 (D. Idaho Apr. 7, 2026); *Mendez v. Dedos*, No. 1:26-CV-00394-KG-JHR, 2026 WL 973077, at *2 (D.N.M. Apr. 10, 2026); *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 553 (D.N.J. 2026).

**3.1.2. The Court Retains Jurisdiction Over Its Habeas Order**

Similarly, it is well settled that courts maintain ongoing jurisdiction over a conditional grant of habeas.[3] *E.g.*, *Jensen v. Pollard*, 924 F.3d 451, 454 (7th Cir. 2019) ("When a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance." (citing *Hudson v. Lashbrook*, 863 F.3d 652, 656 (7th Cir. 2017))); *Phifer v. Warden, U.S. Penitentiary*, 53 F.3d 859, 865 (7th Cir. 1995) ("When a [habeas] petitioner alleges noncompliance" with a conditional order, jurisdiction exists "for the purpose of determining whether or not the state in fact complied with the [court's] terms"). This includes when an immigrant detainee has been granted a bond hearing and then argues that the hearing did not comply with due process. *E.g.*, *Akhemedov v. Pittman*, No. 25-13734 (MCA), 2026 WL 323404, at *2 (D.N.J. Feb. 6, 2026); *Mendez*, 2026 WL 973077, at *2; *Zheng*, 826

---

[2]Additionally, though neither party references the doctrine by name, the Court is also bound by the law of the case in this determination. *See Donohoe v. Consol. Operating & Prod. Corp.*, 30 F.3d 907, 910 (7th Cir. 1994).

[3]Though not stated as expressly conditional, the Court's previous order was a conditional grant of habeas. *Harvest v. Castro*, 531 F.3d 737, 741 (9th Cir. 2008) (discussing modern practice of conditional habeas grants); *see also Suarez-Gonzalez*, 2026 WL 2169410, at *10.

F. Supp. 3d at 553. Therefore, the Court may review the immigration judge's decision for compliance with its previous order.

Further, to the extent reviewing the immigration judge's decision for compliance with this Court's previous order or constitutional due process requires delving into the merits of the order, the Court may do so. Courts across the country have held in view of the Supreme Court's decision in *Wilkinson v. Garland*, 601 U.S. 209 (2024), that an immigration judge's determinations of flight risk or dangerousness are both reviewable as mixed questions of fact and law. *E.g.*, *Martinez v. Clark*, 124 F.4th 775, 781–84 (9th Cir. 2024); *Correia De Pina v. Moniz*, No. 26-CV-12262-AK, 2026 WL 2593316, at *3 (D. Mass. Sep. 2, 2026); *Gupta v. Brackett*, No. 1:26-CV-207-PB-TSM, 2026 WL 1734839, at *2 (D.N.H. June 16, 2026); *España v. Nessinger*, 837 F. Supp. 3d 334, 347 (D.R.I. 2026); *Singh v. Hott*, No. 4:26-CV-256-DJH, 2026 WL 1880217, at *5 (W.D. Ky. June 30, 2026); *Portillo Melara v. Tellez*, No. 26-CV-1453 (AMD), 2026 WL 1146054, at *3–5 (E.D.N.Y. Apr. 28, 2026) (assuming and applying *Martinez* without deciding whether it had jurisdiction); *but see Grant-Davis v. Anda-Ybarra*, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095 (D.N.M. Mar. 23, 2026) (declining to extend *Martinez*).

Respondents' cases suggesting this Court lacks jurisdiction, either in reviewing its own order or the constitutionality of Petitioner's detention, are unpersuasive as they pre-date the Supreme Court's guidance in *Wilkinson* and the Ninth Circuit's persuasive decision *Martinez* in applying *Wilkinson* to the a habeas challenge to a bond hearing under 8 U.S.C. § 1226.

### 3.2. Petitioner Is Not Required to Exhaust His Administrative Remedies

Respondents argue that regardless of this Court's determination as to jurisdiction, Petitioner is nevertheless required to exhaust his administrative remedies and appeal the immigration judge's decision to the BIA. ECF No. 26 at 5–9. Petitioner replies that requiring exhaustion is discretionary and further that requiring exhaustion here would be inappropriate due to the prejudice Petitioner would incur and the constitutional issues raised in his petition. ECF No. 28 at 6–7.

The parties agree that requiring exhaustion is inappropriate when "requiring exhaustion of administrative remedies causes prejudice due to unreasonable delay or an indefinite timeframe for administrative action . . . or . . . where substantial constitutional questions are raised. *See* ECF No. 28 at 6 (citing ECF No. 26 at 6 and *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004)).

Petitioner has been detained for thirteen months now, ECF No. 28 at 6, and the BIA has a backlog of over 200,000 cases. *Suarez-Gonzalez*, 2026 WL 2169410, at *8. "As of the date of filing, the appeal of the bond decision has made no progress." ECF No. 25 at 13.

Further, Respondents' argument that Petitioner's motion here impermissibly creates separate channel of review for an immigration judge's decision is unavailing. ECF No. 26 at 8 (collecting cases). Independently of the issue of indefinite delay for Petitioner's appeal of the bond decision, because this Court finds that Petitioner's claim raises substantial constitutional issues, exhaustion is not necessary. *See Hernandez v. Sessions*, 872 F.3d 976, 988–89 (9th Cir. 2017).

### 3.3. The Immigration Judge's Decision Violated Due Process and This Court's Previous Order

Having found that neither the jurisdictional nor administrative exhaustion hurdles bar Petitioner, the Court turns to the merits of his motion. Because this Court's previous order imposed the requirements mandated by due process, the Court addresses compliance with its order and the requirements of due process concurrently.

While Respondents do not contest that the Court's previous order is binding, they do suggest that due process does not require that the government bear the burden by clear and convincing evidence. ECF No. 26 at 10. They also cite to *Cirrus Rojas v. Olson* to suggest that the Seventh Circuit does not see a constitutional issue in immigrant detainees bearing the burden of showing that they are not dangerous or flight risks. 183 F.4th 909, 917 (7th Cir. 2026)**.** ECF No. 26 at 10 (citing *id.*). However, in *Cirrus Rojas*, the due process issue of the burden of proof at immigrant detainee bond hearings was not before the court. *See generally Cirrus Rojas*, 183 F.4th 909. The facts of the case support this reading. The immigration judges there found that the petitioner was not a flight risk or danger to the community. *Id.* at 931 ("Not one but two separate immigration judges have now said he is neither a flight risk nor a danger to the community."). Therefore, there was no reason for the court to reach the due process issue of the burden at bond hearings. Further, the Seventh Circuit explicitly ruled narrowly: "Our holding is limited. We deal only with whether *all* aliens present without admission in the interior and facing removal proceedings are subject to mandatory detention." *Id.* at 915. Accordingly, this Court does not read *Cirrus Rojas* as condoning the BIA requirement that detainees bear the burden of proof at bond hearings.

The Court therefore sees no reason to disturb its previous order. As was stated there, due process required Respondents to provide Petitioner with a bond hearing, at which the government must have born the burden of proof to justify his continued detention by clear and convincing evidence. *Suarez-Gonzalez*, 2026 WL 2169410, at *10.

Petitioner argues (1) that the immigration judge applied the burden to Petitioner, not the government; and (2) that the government failed to justify Petitioner's continued detention by clear and convincing evidence. ECF No. 24 at 12–19. Respondents argue that the immigration judge properly applied the standards as ordered.

Respondents are correct that the immigration judge placed the burden on the government to show that Petitioner should be detained. However, because the evidence presented by the government fell well short of the clear and convincing evidence standard ordered by this Court and required by due process, the Court holds that Petitioner's due process rights were violated.

Petitioner's declaration regarding the hearing makes it clear that the immigration judge held the government to *a* burden of proof, even if it was not the proper one. ECF No. 25 at 6 (finding that at the hearing counsel for the government noted "[t]he Eastern District Judge of Wisconsin . . . . shifted the burden of proof to the Department of Homeland Security" and that the immigration judge replied "so for the record . . . . the government bears the burden of proof ").[4] The immigration judge's written decision also suggests

[4]The Court notes again that the actual transcript or recording of the hearing is not before it. However, Petitioner's declarant indicates that she reviewed the recording and, again, Respondents have not contested it. ECF No. 25 at 13 ("[M]y my memory . . . was refreshed by reviewing the DAR recording . . . .").

that the government bore the burden at the hearing. ECF No. 25-1 at 16 ("DHS met their burden . . . ."). Therefore, this Court cannot conclude that the immigration judge shifted the burden to Petitioner at the hearing in violation of this Court's order and due process.

However, the evidence presented to the immigration judge was plainly deficient. Clear and convincing evidence requires, "an abiding conviction that the truth of [the government's] factual contentions are 'highly probable.'" *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984). The evidence should be "so clear, direct and weighty and convincing as to enable [the factfinder] to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Cruzan by Cruzan v. Dir., Mo. Dep't of Health*, 497 U.S. 261, 285 n.11 (1990) (quotes and citation omitted).

"The government offered only a criminal complaint and a CCAP print-[out summary] in support of its argument that Petitioner was dangerous." ECF No. 24 at 14. Petitioner's criminal complaint establishes only that there was probable cause crimes were committed, which definitionally falls short of clear and convincing evidence. WIS. STAT. § 968.02(3) ("[A] circuit judge may permit the filing of a complaint, if the judge finds there is probable cause to believe that the person to be charged has committed an offense . . . ."). At most, the immigration judge could have been clearly convinced that there was probable cause.

Further, the immigration judge improperly relied on Petitioner's convictions. A plea of no contest cannot be used as an admission in a subsequent civil proceeding. WISCONSIN CRIMINAL LAW AND PROCEDURE WITH FORMS § 10.03 (ed. Matthew Bender 2026) ("[U]nlike a guilty plea, [a plea of no contest] cannot be used against the defendant as an admission in a collateral or subsequent civil action."). Additionally, the immigration

judge's speculation about what *could* have happened at the bar fight was unsupported by the record and is improper from a purportedly neutral factfinder.

Similarly, the immigration judge's flight risk determination falls well short of the clear and convincing evidence standard. The immigration judge's decision as to flight risk "came down to one fact: the government had appealed the grant of Petitioner's adjustment status, and that appeal is still pending." ECF No. 24 at 17. However, this Court has already ruled on this issue:

> [T]he very fact that he has an order granting his adjustment of status makes it very unlikely that he would flee . . . . While the Court recognizes that the government has a legitimate interest in ensuring that removable foreign nationals are ultimately removed if so ordered, and more generally in managing the procedures surrounding immigration policy, it finds these interests to be minimal in a case such as this, where Petitioner has been granted lawful permanent resident status and is detained for the sole purpose of DHS's appeal.

*Suarez-Gonzalez*, 2026 WL 2169410, at *9. Further, the immigration judge's consideration of Petitioner's status was constitutionally improper. *See Alvarado Lopez v. Dillman*, No. 1:25-CV-2456 (LMB/LRV), 2026 WL 688958, at *6 (E.D. Va. Mar. 11, 2026) ("[A]n individual's bond hearing fails to comport with due process where an Immigration Judge relies on considerations that would lead to an automatic denial of bond in all cases." (quoting *Argueta-Portillo v. Bondi*, 1:26-cv-122-MSN-LRV, Dkt. No. 16 (E.D. Va. Mar. 2, 2026))). Because this reasoning would justify an automatic denial of bond in all cases where Petitioner's lawful status is appealed, the immigration judge's reasoning failed to comport with due process.

The evidence before the immigration judge was, as a matter of law, deficient to conclude that Petitioner was either dangerous or a flight risk. *See Cesvette v. Moniz*, No. 26-CV-12662-AK, 2026 WL 2494666, at *3–4 (D. Mass. Aug. 25, 2026) (holding immigration judge violated due process by finding Petitioner was a danger to society based on charges that were never formally adjudicated). The immigration judge's decision therefore violated Petitioner's right to due process and this Court's habeas order.

Respondents' argument that the immigration judge was aware of and stated the standard in her decision is unpersuasive. ECF No. 26 at 9. As Petitioner replies, "[t]he relevant legal question is not whether the Immigration Judge *stated* she held the government to a clear and convincing legal standard. It is whether she actually *applied* this Court's order." ECF No. 28 at 9. As discussed above, the evidence before the immigration judge was plainly deficient. And, the written decision is in essence, a series of checked boxes with a couple sentences of support, not a reasoned determination that would justify Petitioner's detention. *See* ECF No. 25-1 at 20–21.

Moreover, Petitioner's undisputed record of immigration judges' lack of discretion is deeply troubling. If an immigration judge's decision is not discretionary, individualized, and from a neutral factfinder, it cannot comply with due process. *de la Llana-Castellon v. INS*, 16 F.3d 1093, 1096 (10th Cir. 1994) ("In the adjudicative context, due process entitles a person to factfinding based on a record produced before the decisionmaker and disclosed to that person, . . . and an individualized determination of his interests." (collecting cases)); *Saelee v. Bondi*, No. 2:25-CV-02677-TLF, 2026 WL 221513, at *4 (W.D. Wash. Jan. 28, 2026) ("Due process thus guarantees notice and an individualized hearing before a neutral decisionmaker . . . ."

(citing *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970))). And, in this case, the immigration judge failed to comply with due process at a basic level: actually reviewing the record. *de la Llana-Castellon*, 16 F.3d 1093, 1096 (10th Cir. 1994) (Due process "requires that the decisionmaker actually consider the evidence and argument that a party presents" (citing *Morgan v. United States*, 298 U.S. 468, 481 (1936))). When an individual is at risk of indefinite detention, due process requires at least more than skimming the record for the first time at a twenty-eight minute hearing. However, as Petitioner does not press this argument, the Court need not base its decision on this issue.

Therefore, this Court holds that the immigration judge's decision failed to comply with this Court's previous order and due process. The evidence before the immigration judge on both the flight risk and dangerousness determinations was plainly deficient of standard for clear and convincing evidence.

**3.4 Petitioner's Case Warrants Immediate Release**

Petitioner argues that he should be released because "[r]emand for a second bond hearing . . . would not adequately remedy the government's constitutional violation" and "credible evidence suggests that the immigration court system across the country is systematically rigging bond hearings against noncitizen detainees." ECF No. 24 at 19–20. Respondents do not argue regarding the specific remedy proposed.

Because Petitioner's uncontested evidence on the systematic bias of the immigration judges is compelling, the Court agrees. Therefore, the Court will order that Petitioner be immediately released. *See Garcia Ortiz*, 2026 WL 948275, at *4 (ordering release because it was "clear that a second

bond hearing would not remedy the legal violation" (citing *Perez Sierra v. Margolin*, No. 25-18829, 2026 WL 800158, at *4 (D.N. J. Mar. 23, 2006))).

### 3.5 Petitioner's Request to Strike Respondents' Brief Is Denied as Moot

Petitioner requests that the Court strike Respondents' brief because it is sloppy, riddled with errors, and unclear if it is even arguing the appropriate case at times. ECF No. 28 at 1, 3–4. Though the Court is troubled by Respondents' numerous errors, including submitting an immigration judge's decision from a different case, ECF No. 27 (immigration judge's decision for Dorance Mosquera-Jara), the Court declines to strike Respondents' brief as moot because it has resolved this case on the merits.

## 4. CONCLUSION

For the reasons stated above, the immigration judge failed to abide by the requirements of due process and this Court's previous habeas order. Another bond hearing would not remedy the defects Petitioner has presented regarding the systemic rigging of bond hearings against detainees. Therefore, the Court will order that Petitioner be released within twenty-four (24) hours of receipt of this order, that Respondents and Petitioner confer on reasonable conditions of bond within seven (7) days of receipt this order, and that following conferral Petitioner will submit a joint status report on the conditions of bond. If Petitioner and Respondents are unable to come to agreement on reasonable conditions of bond, this Court will provide guidance should it prove necessary.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to enforce judgement, ECF No. 23, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that within **TWENTY-FOUR (24) HOURS** of receipt of this **ORDER**, Petitioner be **RELEASED**;

**IT IS FURTHER ORDERED** that within **SEVEN (7) DAYS**, of receipt of this order Petitioner will confer with Respondents on reasonable conditions of bond and submit a joint status report on the conditions of bond; and

**IT IS FURTHER ORDERED** that if Petitioner and Respondents are unable to come to agreement on reasonable conditions of bond, this Court will provide guidance should it become necessary.

Dated at Milwaukee, Wisconsin, this 5th day of October, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge